IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

MELISSA ANN EMERTON,           §
                               §
               Plaintiff,      §
                               §   Civil Action No. 3:14-CV-3334-D
VS.                            §
                               §
THE KROGER CO. d/b/a KROGER    §
#191, et al.,                  §
                               §
               Defendants.     §

MEMORANDUM OPINION
AND ORDER

In this removed action, defendant Kroger Texas L.P. ("Kroger")[*] moves for summary judgment dismissing a negligence/premises liability claim brought by plaintiff Melissa Ann Emerton ("Emerton"), arising from a slip and fall at a Kroger store. Kroger maintains that Emerton's lawsuit is barred by limitations because she failed to exercise diligence in serving Kroger with process. Emerton has not responded to the motion, and the court now grants it, dismissing this action with prejudice by judgment filed today.

I

This lawsuit arises from a slip and fall at a Kroger store. Emerton alleges that, on June 1, 2012, while she was shopping in the drink aisle at the Kroger # 191 store located in Grand Prairie, Texas, she slipped and fell on a clear liquid, sustaining serious injuries to her

---

[*]Kroger asserts in its motion that it is "erroneously named The Kroger Co. d/b/a Kroger #191 and Kroger Texas L.P. d/b/a Kroger #191." D. Mot. 1. The court will refer to defendants as "Kroger."

back, left hip, and left leg.  Emerton filed this lawsuit in Texas state court on May 30, 2014,

and Kroger removed it to this court.  On September 17, 2014 Kroger filed the instant motion

for summary judgment.  Emerton's response was due on October 8, 2014.  *See* N.D. Tex.

Civ. R. 7.1(e).  She has not responded to the motion.

## II

Kroger moves for summary judgment based on the statute of limitations.  It maintains

that, although Emerton brought suit within the two-year limitations period, she did not

exercise diligence in serving Kroger with process.

## A

"Under Texas law, limitations is an affirmative defense on which the [summary

judgment] movant bears the burden of proof."  *Elmo v. Oak Farms Dairy*, 2008 WL

2200265, at *1 (N.D. Tex. May 14, 2008) (Fitzwater, C.J.) (citing *Morriss v. Enron Oil &

Gas Co.*, 948 S.W.2d 858, 867 (Tex. App. 1997, no writ)).  To be entitled to summary

judgment on a defense on which the party moving for summary judgment will have the

burden of proof at trial, the party "must establish 'beyond peradventure all of the essential

elements of the . . . defense.'"  *Bank One, Tex., N.A. v. Prudential Ins. Co. of Am.*, 878 F.

Supp. 943, 962 (N.D. Tex. 1995) (Fitzwater, J.) (quoting *Fontenot v. Upjohn Co.*, 780 F.2d

1190, 1194 (5th Cir. 1986)).

But as the court explains below, when a defendant affirmatively pleads the defense

of limitations, and when failure to timely serve the defendant has been shown, the burden

shifts to the plaintiff to explain the delay.  In the context of this issue, the burden of proof at

trial will be on Emerton.  To be entitled to summary judgment on a fact issue on which the nonmovant will bear the burden of proof at trial, the moving party can meet its summary judgment obligation by pointing the court to the absence of admissible evidence to support the nonmoving party.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  Once the moving party does so, the nonmovant must go beyond her pleadings and designate specific facts showing there is a genuine issue for trial.  *See id.* at 324; *Little v. Liquid Air Corp*., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam).  An issue is genuine if the evidence is such that a reasonable jury could return a verdict in the nonmovant's favor.  *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986).  Summary judgment is mandatory if the nonmovant fails to meet this burden.  *Little*, 37 F.3d at 1076.

B

Kroger acknowledges that Emerton filed suit within two years of the date she allegedly slipped and fell (she slipped and fell on June 1, 2012, and filed her lawsuit on May 30, 2014).  But it maintains that she failed to serve Kroger with the citation and petition until August 21, 2014, and her lawsuit is time-barred because she failed to exercise due diligence to serve Kroger within the applicable statute of limitations.  It points to the absence of evidence that Emerton exercised diligence in serving Kroger with process.  *See, e.g.,* D. Br. 9 ("[T]here is simply no evidence that [Emerton] exercised due diligence in attempting to serve Kroger in this case.").

Under Texas law, which applies in this diversity case, "[t]o 'bring suit' within the two-year limitations period . . ., a plaintiff must not only file suit within the applicable

limitations period, but must also use diligence to have the defendant served with process."

*Gant v. DeLeon*, 786 S.W.2d 259, 259 (Tex. 1990) (per curiam) (citing *Rigo Mfg. Co. v. Thomas*, 458 S.W.2d 180, 182 (Tex. 1970)).

> When a plaintiff files a petition within the limitations period but does not serve the defendant until after the period expires, the filing of a lawsuit alone does not interrupt the running of limitations. The plaintiff must exercise due diligence in the issuance and service of citation. When a defendant . . . has affirmatively pleaded the defense of limitations, and when failure to timely serve the defendant has been shown, the burden shifts to the plaintiff . . . to explain the delay. Because [the plaintiff] failed to serve citation on the [defendant] within the period of limitations, he had the burden to prove that he used due diligence in procuring the subsequent issuance and service of citation on the [defendant]. An unexplained delay in effecting service constitutes a lack of due diligence.

*Seagraves v. City of McKinney*, 45 S.W.3d 779, 782 (Tex. App. 2001, no pet.) (citations omitted).

> Whether a plaintiff exercised due diligence in obtaining the issuance and service of citation is usually a fact issue; however, if no excuse is offered for a delay in procuring service of citation, or if the lapse of time and the plaintiff's acts are such as conclusively negate diligence, a lack of diligence will be found as a matter of law. Texas courts have consistently held that lack of diligence may be shown based on unexplained lapses of time between the filing of the suit, issuance of the citation, and service of process.

*Mauricio v. Castro*, 287 S.W.3d 476, 479 (Tex. App. 2009, no pet.) (citations omitted).

As noted, Emerton has not responded to Kroger's motion. Her failure to respond does not, of course, permit the court to enter a "default" summary judgment. The court is permitted, however, to accept Kroger's evidence as undisputed. *See Tutton v. Garland*

- 4 -

*Indep. Sch. Dist.*, 733 F. Supp. 1113, 1117 (N.D. Tex. 1990) (Fitzwater, J.).  Moreover, Emerton's failure to respond means that she has not offered evidence to explain or excuse her delay in procuring service of citation.  She has not introduced evidence that would enable a reasonable jury to find that she used due diligence in procuring the issuance and service of citation on Kroger.

"A summary judgment nonmovant who does not respond to the motion is relegated to her unsworn pleadings, which do not constitute summary judgment evidence." *Bookman v. Shubzda*, 945 F. Supp. 999, 1002 (N.D. Tex. 1996) (Fitzwater, J.) (citing *Solo Serve Corp. v. Westowne Assocs.*, 929 F.2d 160, 165 (5th Cir. 1991)).

> If a party fails . . . to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . (2) consider the fact undisputed for purposes of the motion [and] (3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it[.]

Fed. R. Civ. P. 56(e)(2) and (3).  For the reasons explained, Kroger is entitled to summary judgment holding that Emerton's lawsuit is barred by the statute of limitations.

\*   \*   \*

Accordingly, Kroger's September 17, 2014 motion for summary judgment is granted, and this action is dismissed with prejudice by judgment filed today.

**SO ORDERED**.

October 21, 2014.

*Sidney A. Fitzwater*

SIDNEY A. FITZWATER

CHIEF JUDGE