IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

MELISSA ANN EMERTON,                 §
                                      §
                    Plaintiff,        §
                                      §   Civil Action No. 3:14-CV-3334-D
VS.                                   §
                                      §
THE KROGER CO. d/b/a KROGER          §
#191, et al.,                         §
                                      §
                    Defendants.       §

MEMORANDUM OPINION
AND ORDER

        In this removed action arising from a slip and fall, plaintiff Melissa Ann Emerton

("Emerton") moves under Fed. R. Civ. P. 60(b)(1) to set aside the summary judgment entered

in favor of defendant Kroger Texas L.P. ("Kroger")[*] after Emerton failed to respond to the

motion.  Concluding that Emerton has failed to demonstrate that her failure to respond to

Kroger's motion was the result of mistake, inadvertence, surprise, or excusable neglect, the

court denies her motion to set aside the judgment and reinstate this case.

I

        Emerton filed this lawsuit in Texas state court arising from a slip and fall at a Kroger

store.  Kroger removed the case and then moved for summary judgment based on limitations.

Emerton did not respond to the motion, and the court granted it.  *Emerton v. Kroger Co.*, 2014

---

        [*]Kroger asserts in its motion that it is "erroneously named The Kroger Co. d/b/a
Kroger #191 and Kroger Texas L.P. d/b/a Kroger #191."  D. Mot. 1.  The court will refer to
defendants as "Kroger."

WL 5353870, at *3 (N.D. Tex. Oct. 21, 2014) (Fitzwater, C.J.) ("*Emerton I*").

Emerton then filed the instant motion under Rule 60(b)(1) to set aside the judgment and reinstate the summary judgment proceedings. She maintains that her failure to respond to Kroger's summary judgment motion was the result of mistake, inadvertence, or excusable neglect, that she has a meritorious defense, that Kroger will not be prejudiced by granting the relief she seeks, and that she has a good reason for failing to file a response. Emerton posits that she failed to respond because her attorney, "then frequently traveling, never saw the e-filing notice via automated email and has corrected the policies and procedures that led to the omission." P. Mot. to Set Aside ¶ 14. She contends that her attorney's mistake justifies granting relief under Rule 60(b)(1). Kroger opposes the motion.

II

Rule 60(b)(1) provides that "the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect." Rule 60(b) should only be applied, however, in "extraordinary circumstances." *Liljeburg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 864 (1988). Courts generally consider three factors when determining whether to set aside a judgment for mistake, inadvertence, surprise, or excusable neglect under Rule 60(b)(1): (1) the extent of prejudice to the nonmovant should the judgment be set aside; (2) the merits of the asserted defense; and (3) the culpability of the movant's conduct. *Hibernia Nat'l Bank v. Administracion Cent. Sociedad Anomina*, 776 F.2d 1277, 1280 (5th Cir. 1985). "[O]f these factors, two can be determinative: a district court may refuse to set aside a default judgment

if it finds either that the default was willful or that the defendant failed to present meritorious defense." *Scott v. Carpanzano*, 556 Fed. Appx. 288, 293-94 (5th Cir. 2014) (per curiam). The district court has considerable discretion when deciding whether to grant a Rule 60(b) motion. *See Vela v. W. Elec. Co.*, 709 F.2d 375, 376 (5th Cir. 1983).

### III

The court addresses first whether setting aside the judgment would prejudice Kroger.

A party who secures final judgment of a case will obviously suffer some form of prejudice anytime it obtains such relief and the opposing party is successful in having the proceedings reinstated. *See Artemis Seafood, Inc. v. Butcher's Choice, Inc.*, 1999 WL 1032798, at *3 (N.D. Tex. Nov. 10, 1999) (Fitzwater, J). Therefore, the court must assess whether the prejudice is *unfair* to the nonmovant. *See Drew v. Life Ins. Co. of N. Am.,* 2009 WL 1856604, at *2 (N.D. Tex. June 29, 2009) (Fitzwater, C.J.).

If the court sets aside the judgment in this case, Kroger will be required to defend a lawsuit that it would otherwise have been obligated to defend. This is not unfairly prejudicial to Kroger, except to the extent it has been required to respond to Emerton's present motion. As in *Drew*, the court holds that if Kroger is compensated for such fees and costs, the prejudice to Kroger of granting the motion is not unfair.

IV

The court next considers whether Emerton has a meritorious defense to Kroger's summary judgment motion.

A

A district court can refuse to set aside a default judgment under Rule 60(b)(1) if the movant "fails to present a meritorious defense sufficient to support a finding on the merits for the defaulting party." *Lacy v. Sitel Corp.*, 227 F.3d 290, 293 (5th Cir. 2000). In this case, Emerton must present a meritorious defense to Kroger's summary judgment motion concerning service of process. In *Emerton I* the court held that Emerton's failure to respond to Kroger's summary judgment motion meant that she had not offered evidence to explain or excuse her delay in procuring service of citation. *Emerton I*, 2014 WL 5353870, at *2. The court pointed out that she had not introduced evidence that would enable a reasonable jury to find that she used due diligence in procuring the issuance and service of citation on Kroger. *Id.*

B

Emerton alleged in her state-court petition that, on June 1, 2012, she slipped and fell while shopping at a Kroger store. She filed her lawsuit on May 30, 2014, one day before the two-year statute of limitations expired. According to Emerton, she filed her lawsuit via electronic filing, as mandated by the Supreme Court of Texas. She maintains that she notified Federal Investigation Services, Inc. ("FIS") by including the email address of an FIS employee with whom her counsel has regular correspondence. Her counsel understands that

- 4 -

including FIS as a service recipient in the state court's new filing system would provide notice to FIS that a citation was to be retrieved from the state court and delivered for service of process.  In a follow-up with FIS ten weeks after the filing, however, Emerton's attorney noticed that FIS had neither retrieved the citations for the state court action nor delivered them in order to effect service of process.  FIS noted that the Dallas County Court electronic filing system had at the time experienced some difficulties ensuring that all parties listed as "service recipients" actually received notices through the e-filing system.  FIS later corrected the error and issued service of process.  Kroger was not served, however, until more than 80 days after the limitations period had expired.

## C

Under Texas law, a plaintiff must exercise due diligence in serving defendant with process.  Generally, the exercise of due diligence is a question of fact.  *See Taylor v. Thompson*, 4 S.W.3d 63, 65 (Tex. App. 1999, pet. denied).  But the issue can be determined as a matter of law if no excuse is offered for the failure to timely serve notice of process, or if the lapse of time in the plaintiff's failure to serve process is such as to conclusively negate diligence.  *Weaver v. E-Z Mart Stores*, 942 S.W.2d 167, 169 (Tex. App. 1997, no writ).  When the defendant has pleaded the defense of limitations by reason of defect in service of process, and failure to timely serve the defendant has been shown, the burden shifts to the plaintiff to explain the delay.  *Id.*  The defendant must then demonstrate that the explanation of diligence is insufficient as a matter of law.  *Id.*  The court's opinion in *Emerton I* did not address any explanation for the delay in effecting service because Emerton did not respond

to Kroger's motion.

It is the responsibility of the party requesting service to ensure that service is properly made, and it is the attorney's duty to ensure the completion of citation. *Id.* An excuse of diligence must involve diligence in seeking service of process. *Id.* "Diligence" in this context means "careful and persistent application of effort." *Frozen Food Express Indus., Inc. v. Grippe*, 1999 WL 1140074, at *3 (Tex. App. Dec. 14, 1999, pet. denied) (unpublished opinion).

Emerton posits that, because she included FIS as a service recipient in the state court's e-filing system, she exercised due diligence in serving Kroger. The court concludes, however, that a reasonable trier of fact could not find that Emerton exercised diligence. It was Emerton's, or Emerton's counsel's, duty to ascertain the status and completion of the citation. After notifying FIS, Emerton did nothing to ensure that the service had been effected. Emerton did not check with FIS, the clerk's office, the sheriff's office, or anyone else to see if service had been made. It was approximately 80 days after the statute of limitations had expired when Emerton finally checked with FIS to ascertain whether service had indeed been accomplished. Therefore, a reasonable trier of fact could not find that Emerton put forth a "careful and persistent application of effort" when attempting to effect service on Kroger.

Furthermore, ignorance of the law or reliance upon one's attorney does not constitute an excuse for failure to serve a defendant. *See Weaver*, 942 S.W.2d at 169. Therefore, Emerton cannot rely on failure of her retained attorney as diligence, or an excuse for lack of

- 6 -

diligence, because the acts of one's attorney are imputed to the client. *See id*. Texas "[c]ourts have consistently held counsel's mistakes and oversights are not legally acceptable excuses for the delay in procuring service of citation." *Grippe*, 1999 WL 1140074, at *3. Based on Emerton's evidence, a reasonable trier of fact could only find that this is what occurred here. Emerton's counsel failed to ensure that service had been accomplished, even though counsel filed the suit one day before the statute of limitations expired. Because a reasonable trier of fact could not find that Emerton's counsel acted carefully and persistently, Emerton has no legally acceptable excuse for delaying service. The court therefore holds that Emerton has failed to demonstrate that she has a meritorious defense to Kroger's summary judgment motion.

## V

Finally, the court addresses the culpability of Emerton's conduct and whether her actions constitute "excusable neglect."

The only excuse that Emerton gives for her failure to respond to Kroger's motion for summary judgment is that "plaintiff's counsel, then frequently traveling, never saw the e-filing notice [filed by Kroger] provided via automated email." P. Mot. to Set Aside ¶ 14. Emerton's failure to respond to Kroger's motion is entirely due to the carelessness of her counsel in failing to note that the summary judgment motion had been filed. It is not an abuse of discretion to deny relief under Rule 60(b)(1) when the proffered justification is "inadvertent mistake" of counsel. *See Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d. 350, 356-57 (5th Cir. 1993). According to Emerton's evidence, this is what occurred here, and

this is insufficient to demonstrate excusable neglect.

The court reached a similar conclusion in *Drew*.  In that case the plaintiff's attorney failed to file an amended complaint because his assistant failed to calendar the due date for making the filing.  *Drew*, 2009 WL 1856604, at *2.  The court held that the attorney's errors were insufficient to rise to the level of excusable neglect.  *Id*. at *3.  Instead, they were more akin to inadvertence, and therefore insufficient to warrant relief.  *Id*.  The same is true here. It was an inadvertent mistake for Emerton's counsel to fail to see the electronic notice indicating that Kroger had filed a summary judgment motion.  The errors of Emerton's attorney do not rise to the level of excusable neglect.

Contrary to Emerton's arguments, it is not sufficient that her attorney, rather than she, is responsible for the errors made in this case.  "[I]t has long been held, particularly in civil litigation, that the mistakes of counsel, who is the legal agent of the client, are chargeable to the client[.]"  *Pryor v. U.S. Postal Serv.*, 769 F.2d 281, 288 (5th Cir. 1985).  The proper recourse is for the client to seek malpractice damages from the attorney.  *Id*. at 289 ("While we are sympathetic to the plight of a client prejudiced by his attorney's inadvertence or negligence, the proper recourse for the aggrieved client, as the Supreme Court noted . . ., is to seek malpractice damages from the attorney.").

> Were this Court to make an exception to finality of judgment each time a hardship was visited upon the unfortunate client of a negligent or inadvertent attorney, even though the result be disproportionate to the deficiency, courts would be unable to ever adequately redraw that line again, and meaningful finality of judgment would largely disappear.

- 8 -

*Id.* at 288-89.

VI

Considering the factors *in toto*, the court concludes that Emerton has failed to demonstrate "mistake, inadvertence, surprise, or excusable neglect" under Rule 60(b)(1).

*   *   *

For the reasons explained, Emerton's motion to set aside judgment and reinstate summary judgment proceedings is denied.

**SO ORDERED**.

February 20, 2015.

SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE